983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell Edward HAMILTON, Defendant-Appellant.
 No. 92-50013.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1992.
Decided Dec. 30, 1992.
 
 Before FERGUSON, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Russell Edward Hamilton appeals his conviction, following a conditional guilty plea, for escape from confinement, in violation of 18 U.S.C. § 751(a). Hamilton contends that the district court erred by granting the prosecution's motion in limine to preclude evidence supporting a duress defense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court may rule on the adequacy of the factual foundation of the duress defense prior to trial because "it is essential that the testimony ... proffered meet a minimum standard as to each element of the defense so that, if a jury finds it to be true, it would support an affirmative defense." United States v. Bailey, 444 U.S. 394, 415 (1980), quoted in United States v. Williams, 791 F.2d 1383, 1387 n. 2 (9th Cir.), cert. denied, 479 U.S. 869 (1986). Whether a defendant has made a threshold showing of each element of the duress defense is a question of law reviewed de novo. Williams, 791 F.2d at 1388.
 
 
 4
 The four elements of the duress defense in the context of prison escape are (1) the threat and fear that the threat caused were immediate and involved death or serious bodily injury; (2) the fear was well grounded; (3) there was no reasonable opportunity to avoid or escape the threatened harm; and (4) the defendant submitted to proper authorities after attaining a position of safety. United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982) (per curiam).
 
 
 5
 Here, the district court found that Hamilton had offered sufficient evidence of threats from a fellow inmate to establish the first two elements of the duress defense, but that he had failed to make a prima facie showing that he submitted to the proper authorities in satisfaction of the fourth element.[1]
 
 
 6
 Hamilton contends that the district court erred in ruling as a matter of law that his evidence did not meet the threshold requirements of the fourth element. First, he argues that he had not yet reached a position of safety and therefore was only required to show an intent to submit to authorities. See Williams, 791 F.2d at 1388 (holding that where defendants are caught in the act of escaping and are not at large for a significant period of time, they only have to show an intent to surrender had the escape succeeded). Unlike the defendant in Williams, Hamilton successfully escaped from the prison grounds. While he was only at large for thirty-one hours, during which time he was actively pursued by police, dogs, and helicopters, Hamilton had completed his escape and was no longer in the presence of the threatening inmate. Therefore, Hamilton does not fall within the Williams exception.
 
 
 7
 Next, Hamilton argues that his unsuccessful attempt to telephone his attorney constitutes a bona fide attempt to surrender. After running or walking roughly eleven miles, Hamilton reached an abandoned farm house where he asserts that he attempted to telephone his attorney in Florida. He did not get through because he apparently had the wrong telephone number. Hamilton fell asleep and was arrested without incident the following morning.
 
 
 8
 Hamilton's attempted phone call, without more, fails to satisfy the requirements of the fourth element. He was at large for thirty-one hours, and had access to a telephone for roughly the last twelve. He therefore had ample opportunity to make a more concerted effort to turn himself in. Although it was reasonable for Hamilton to try to contact his attorney to arrange his surrender, he was not entitled to make that the only way to submit to authorities. See Bailey, 444 U.S. at 415. Accordingly, the district court did not err by concluding that Hamilton failed to make a prima facie showing of the fourth element of the duress defense.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not make a finding as to the third element of the defense, but expressed doubt that Hamilton could show he lacked a reasonable opportunity to avoid harm, since he made no effort to contact prison officials about the alleged threats. See Peltier, 693 F.2d at 98 (duress defense properly excluded where defendant did not show he lacked opportunity to avoid danger by asking prison warden or counselors for safe custody from perceived threat of assassination by government agents)